UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GREGORY J. WHITAKER, | 4:21-CV-04010-RAL |
| Petitioner, | |
| vs. | ORDER DIRECTING PAYMENT OF $5 FEE AND THEREAFTER DIRECTING SERVICE |
| J.W. COX, IN HIS CAPACITY AS WARDEN OF YANKTON FEDERAL PRISON CAMP, | |
| Respondent. | |

On January 19, 2021, Gregory J. Whitaker, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. He seeks to redeem earned-time credits under the First Step Act. Doc. 1 at 2. Whitaker has not paid the $5.00 filing fee, but moves for leave to proceed in forma pauperis. Doc. 2. Whitaker's prisoner trust account report shows average monthly deposits for the past six months of $437.53, and an average monthly balance for the past six months of $1,680.41. Doc. 4. Accordingly, the Court finds that Whitaker is not indigent and denies his motion for leave to proceed in forma pauperis. Whitaker has the financial wherewithal to pay the $5 filing fee. However, the Court recognizes the challenges an inmate faces regarding service of process. Once Whitaker pays that fee, service on the Respondent may occur by the Clerk of Court.

A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Whitaker brought his petition in the correct district in that he is imprisoned in

Yankton, South Dakota. Doc. 1 at 1. Only after a prisoner exhausts administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). The exhaustion requirement for a petition under 28 U.S.C. § 2241 is judicially created and not a jurisdictional requirement. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A habeas petition can be excused from exhaustion requirements if the process would be futile and serve no useful purpose. See Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004).

Here, Whitaker's earned-time credit request was denied by the BOP on December 14, 2020. Doc. 1 at 2. Whitaker appealed to the United States Department of Justice and his administrative remedy was denied on January 1, 2021. Id. He claims that he appealed the "BP-9" denial and is currently waiting for the response. Id. at 3. At this time, this Court cannot determine with confidence that it "plainly appears" that Whitaker is not entitled to any relief here, although ultimately that may be the case.

Therefore, it is hereby

ORDERED that Whitaker pay to the Clerk of Court the $5 filing fee. It is further

ORDERED that the Clerk of Court, upon receipt of the $5 filing fee, arrange to serve a copy of all pleadings of record and this Order on Respondent. It is further

ORDERED that the Respondent files an answer, and if he so chooses, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is finally

ORDERED that Whitaker's motion for leave to proceed in forma pauperis, Doc. 2, is denied.

DATED February 10ᵗʰ, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE